UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

George Dunning, Jr., *et al.*,

    Plaintiffs,

        v.

Judith A. Varnau, *et al.*,

    Defendants.

Case No. 1:14cv932

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court upon Plaintiffs' Motion to Stay Discovery to Prevent Interference in Parallel Proceedings. (Doc. 87). Defendants have filed a Memorandum in Opposition (Doc. 91) and Plaintiffs filed a Reply. (Doc. 92).

### I.    BACKGROUND

This case arises from the death of Zachary Goldson, an inmate found dead in his cell at the Brown County Jail. (Doc. 10). Plaintiffs were officers employed by the Brown County Sheriff's Office at the time of Goldson's death. Defendant Dr. Varnau is the former Brown County Coroner who investigated Goldson's death. Defendant Dennis Varnau is the husband of Dr. Varnau. Dr. Varnau authorized her husband to assist her in her duties as coroner.

On November 30, 2013, Dr. Varnau wrote on Goldson's death certificate that the manner of death was a homicide by strangulation. Dr. Varnau specified that it was from a nylon leash called a hobble strap used by police officers as a restraint. This opinion was based on the investigation conducted by Dr. Varnau and Dennis Varnau. The Varnaus also authored a "Coroner's Investigative Report on Death of Zachary

Goldson—October 5, 2013" based on the information they collected from the investigation. The Varnau's report accused Plaintiff John Schadle of destroying evidence and covering up Goldson's murder. The Varnaus' report was published to news agencies. The Varnaus named specific officers to the press, sent emails with attachments and their investigatory findings to BCI, and sent the coroner's report including surveillance footage, phone calls and autopsy and scene photos to the press. Their findings were also published on their website www.varnau.us.

On December 11, 2014, the grand jury returned with a no bill because they did not find sufficient probable cause to indict any of the Plaintiffs.

Plaintiffs claim that as a result of the Varnaus' actions, Plaintiffs have been referred to as the "Death Squad" by the community. Plaintiffs also claim that the citizens of Brown County have been uncooperative with law enforcement, and labeled them as murderers, manipulative and corrupt. Further, Plaintiffs' children have been harassed at school by their peers.

Following this Court's ruling on Defendants' Motion to Dismiss (Doc. 30), only Plaintiffs' claims for defamation and civil conspiracy remain.

Plaintiffs are named defendants in a related case: *Ashley Bard v. Brown County, et al.*, No. 1:15cv643. This is a parallel case to a wrongful death case brought by the family of Zachary Goldson.

II. **ANALYSIS**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57

S.Ct. 163, 81 L.Ed. 153 (1936). The movant bears the burden of showing

> a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

299 U.S. at 255, 57 S.Ct. at 166. "The most important factor is the balance of the hardships, but '[t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources.'" *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627-28 (6th Cir. 2014) (citing *Int'l Bhd. of Elec. Workers v. AT & T Network Sys.*, No. 88–3895, 879 F.2d 864, 1989 WL 78212, at *8 (6th Cir. Jul. 17, 1989) (internal citations omitted)).

In determining whether or not to grant a stay of proceedings, courts have considered the following factors: "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship/prejudice to the party opposing the stay, given its duration." *Dugas v. Wittrup*, No. 2:15-CV-67, 2015 WL 3823264, at *2 (S.D. Ohio June 19, 2015) (quoting *Michael v. Ghee*, 325 F.Supp.2d 829, 831 (N.D.Ohio 2004).

The potential for the *Bard* case to have a dispositive effect on this case is high. If Plaintiffs are found liable for Goldsons' death, that finding could have a preclusive effect on issues in this case. Specifically, in this case, Plaintiffs must show that the Varnaus' defamatory statements were made with actual malice, which is "defined as "acting with knowledge that the statements were false or acting with reckless disregard as to their truth or falsity." Therefore, waiting for a dispositive decision regarding liability in the *Bard*

3

case creates judicial economy. Defendants have not identified any harm to the public if this matter is stayed. Defendants do point out that they are not parties to the *Bard* case, and must have "their lives in jeopardy" while they wait for a ruling in that case. However, the Court notes that a stay would not need to be indefinite and would be for a relatively short duration. The dispositive motion deadline in the *Bard* case has already passed, and Defendants have filed a motion for summary judgment. (Doc. 77). In addition, the jury trial in the *Bard* case is scheduled for August 27, 2018. (Doc. 52). Therefore, the Court finds that after weighing these factors, a stay of this matter is warranted.

## III. CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Stay Discovery to Prevent Interference in Parallel Proceedings (Doc. 87) is **GRANTED**. This matter is **STAYED** in accordance with this Order. The parties shall notify the Court within fourteen (14) days of a ruling on a dispositve motion in *Ashley Bard v. Brown County, et al.*, No. 1:15cv643.

**IT IS SO ORDERED.**

                 */s/ Michael R. Barrett*
                 Michael R. Barrett
                 United States District Judge